**JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| DAVIEN LONG,<br><br>               Plaintiff,<br><br>   vs.<br><br>COUNTY OF LOS ANGELES,<br>OFFICER BLAKE RUNGE,<br>OFFICER ZACHARY CORRALES,<br>and DOES 1-10,<br><br>              Defendants. | Case No. 2:24-CV-04683-WLH (RAO)<br><br>**JUDGMENT AFTER TRIAL BY JURY** |

On January 5, 2026, trial of the foregoing matter commenced in Courtroom 9B of the United States District Court, Central District of California, 350 West First Street, Los Angeles, California 90012, the Honorable Wesley L. Hsu presiding. Plaintiff Davien Long was represented by Corey Carter. Defendants Blake Runge and Zachary Corrales were represented by Megan Lieber (lead counsel) and Tomas Guterres. A jury of eight (8) persons was empaneled and sworn. Witnesses were sworn and testified. After hearing the evidence and arguments of counsel, the cause

1

was submitted to the jury.

On January 6, 2026, the jury returned a unanimous verdict in favor of Plaintiff. The jury found Defendants liable to Plaintiff on Plaintiff's sole claim for violation of Fourth Amendment rights under 42 U.S.C. § 1983.  The jury awarded compensatory damages to Plaintiff and against Defendants in the amount of $38,500.

Following the jury's verdict, and to avoid post-trial motions and appeals, the parties reached an agreement.  Pursuant to the agreement, each party has waived the right to file post-trial motions and an appeal and the parties have stipulated to the amount of $56,611.11 in attorneys' fees and costs to be awarded to Plaintiff, in addition to the jury's award of compensatory damages.

**THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED:**

1. That judgment be, and hereby is, entered in favor of Plaintiff and against Defendants in the amount of $95,111.11, inclusive of all compensatory damages ($38,500) and all attorneys' fees and costs ($56,611.11);

2. That Plaintiff shall recover post-judgment interest pursuant to 28 U.S.C. § 1961, which will begin to accrue after a 60-day grace period following entry of judgment;

3. That judgment be, and hereby is, entered in favor Plaintiff and against Defendants;

4. That no party shall file, pursue, or allow to be pursued any post-trial motion or appeal; and

5. That the Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Judgment.

**IT IS SO ORDERED.**

DATED:  February 20, 2026

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

2